NOT FOR PUBLICATION                                              CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

IRIS SANCHEZ,

               Plaintiff,     :    **OPINION**

               v.     :    Civ. No. 03-3272 (WHW)

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

               Defendant.

---

**Walls, District Judge**

    Plaintiff, Iris Sanchez, appeals the denial of disability insurance ("DIB") and supplemental security income ("SSI") benefits by Administrative Law Judge ("ALJ") Joel Friedman. This Court affirms the ALJ's decision.

## BACKGROUND

**A. Procedural History**

    Plaintiff filed an application for DIB and SSI benefits on January 23, 2001. Plaintiff claimed she had been disabled since June 28, 1993, due to panic attacks, anxiety, depression, eye disease, and progressive vision loss. (Trial Record ("Tr.") 103-105.) The application for both DIB and SSI was denied at the initial stage. (Tr. 69, 77.) Upon reconsideration, Plaintiff was granted SSI benefits with a disability onset date of November 23, 1999. (Tr. 13.) Plaintiff's application for DIB was denied again at the reconsideration stage because her insured status expired on December 31, 1998. (Tr. 13, 68, 77-79.) The plaintiff requested a hearing before an ALJ. (Tr. 80.) The request was

NOT FOR PUBLICATION                                                                    CLOSED

granted and the hearing was held June 18, 2002 before ALJ Joel Friedman. (Tr. 20.) On January 23, 2003, the ALJ issued his decision denying the Plaintiff's application. The ALJ concluded that the Plaintiff's disability onset date of November 23, 1998 was accurate and that her insured status had expired on December 31, 1997. (Tr. 10-19.) Plaintiff requested a review by the Appeals Council. (Tr. 8.) The Appeals Council concluded there was no grounds for review. (Tr. 3-4.) Plaintiff then filed for review by this Court.

The finding of November 23, 1999 as the onset date of Plaintiff's disability is determinative in rejecting both the SSI and DIB claims.

**B. Statement of Facts**

Plaintiff was born in 1943 and has an eighth grade education level. She worked as a machine operator in a variety of manufacturing factories. (Tr. 38-41.) She ceased working in 1993 due to a nervous condition and vision problems. (Tr. 28, 54,112.)

Plaintiff testified that she has been unable to drive since 1994. (Tr. 26.) After ceasing work in 1993, Plaintiff testified she spent her days taking care of her infant grandson. (Tr. 58.) She would do volunteer work at her church. (*Id*.) Plaintiff testified that these activities ended about 1998. (*Id*.) Plaintiff has been unable to go to a grocery store due to panic attacks since 1997 or 1998. (Tr. 60.)

The Social Security Administration ("SSA") does not deny that Plaintiff was disabled as of November 23, 1999. Her insured status expired on December 31, 1998. The issue before the ALJ was whether there was substantial evidence that Plaintiff was disabled before her date last insured.

**C. Medical Evidence Prior to Date Last Insured**

NOT FOR PUBLICATION                                                              CLOSED

     Dr. Bethzaida Alvarez, an internist, treated Plaintiff from July 1993 to January 1999, for her nervousness, and prescribed Xanax, Valium, and Paxil. (Tr. 174-86.) The SSA requested additional information from Dr. Alvarez. Dr. Alvarez noted that she was currently treating Plaintiff for bursitis of the right shoulder. (Tr. 166-69.)

     Plaintiff testified that she did not see a psychiatric doctor for her nerves until she suffered panic attacks that caused her to be hospitalized at Muhlenberg Regional Medical Center overnight in April 1998 and for four days in November of that year. (Tr. 29-31.) The record shows that the later episode actually occurred in November 1999. (Tr. 143-62.) Plaintiff was treated primarily for rapid heart beat and released four days later in stable condition. (Tr. 16.)

     Dr. Robert Shapiro, an ophthalmologist, reported that he saw Plaintiff for yearly eye examinations from 1994 to 1998. (Tr. 131.) Dr. Shapiro opined that Plaintiff's vision was 20/40 in her right eye and 20/200 in her left. He noted that he has not treated her since 1998. (Id.) Plaintiff claimed she continued treatment at Dr. Shapiro's practice, but not by Dr. Shapiro himself. (Tr. 48.) The ALJ kept the record open on the matter, but Plaintiff never supplied any additional information. (Tr. 65.)

**D.  Medical Evidence after Date Last Insured**

     State agency physician, Dr. Benito Tan, reviewed the medical evidence that existed for the relevant period before Plaintiff's last date insured. In his October 17, 2001 report, Dr. Tan stated that there was no evidence to support a finding of disability before December 31, 1998. (Tr. 129.)

     On May 10, 2001, Dr. David M. Gelber, Ph.D. performed a psychological evaluation of Plaintiff at the request of the SSA. (Tr. 204.) Dr. Gelber opined that Plaintiff's concentration

NOT FOR PUBLICATION                                                                                              CLOSED

was poor and her mood depressed (Tr. 205-206) and diagnosed recurrent major depressive disorder. (Tr. 207.)

Dr. F. Hecker, Ph.D., a state agency physician, reviewed the Plaintiff's medical records and issued a report on June 11, 2001. (Tr. 222.) Plaintiff was assessed as having marked limitations in the areas of attention, concentration, performing activities within a schedule, traveling, and setting realistic goals. (Tr. 222-24.)

Another state agency physician (whose name is unreadable on report) reviewed Plaintiff's records on July 12, 2001. (Tr. 226-29.) The physician opined that Plaintiff's alleged onset date of disability of July 28, 1993 was unsupported. The physician stated an onset date of November 23, 1999, was appropriate. (Tr. 227.)

On August 3, 2003, at the request of the Commissioner, Dr. Thomas Materna, an ophthalmologist, examined Plaintiff. (Tr. 230-32.) Plaintiff's corrected vision in the right eye was 20/70 and 20/400 in the left. Dr. Materna stated Plaintiff could not be around dangerous machinery. (Tr. 231.)

On September 3, 2003, again at the request of the Commissioner, Plaintiff was examined by Dr. Ernesto Perdomo, Ph.D. (Tr. 233-35). Dr. Perdomo found Plaintiff depressed and administered an intelligence test which gave the Plaintiff a standard IQ of 71. (Tr. 235.)

## ANALYSIS

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The district court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Plummer v. Apfel, 186 F.3d 422 (3d Cir.

NOT FOR PUBLICATION                                                              CLOSED

1999) "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Metro Stevedore Co. v. Rambo, 521 U.S. 121, 149 (1997) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  While substantial evidence must have real probative weight it "may be less than a preponderance." Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988) (citing Stunkard v. Sec'y of Health & Human Servs., 841 F.2d 57, 59 (3d Cir. 1988)).

"Despite the deference due to administrative decisions in disability benefit cases, 'appellate courts retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner]'s decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000).  Cursory conclusions unsupported by evidence cannot justify an ALJ's decision.  Id.  "[A] reviewing court may remand a case to the Secretary for good cause, 'where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits.'" Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979) (quoting Saldana v. Weinberger, 421 F. Supp. 1127, 1131 (E.D. Pa. 1976)).

In determining if there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) objective medical facts; (2) diagnoses and expert opinions of examining physicians; (3) subjective evidence of pain; and (4) the claimant's educational background, work history and age." Snee v. Sec'y of Health & Human Servs., 660 F. Supp 736, 738 (D.N.J. 1987).  Accord Balock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972). In order for this Court to properly conduct judicial review and to avoid "judicial usurpation of administrative functions" it must ensure that the "administrative decision . . . [is] accompanied by a clear and satisfactory explanation of the basis on which it rests." Id.  Otherwise, remand is

**NOT FOR PUBLICATION**                                                                 **CLOSED**

appropriate. Cotter v. Roberts, 642 F.2d 700, 705 (3d Cir. 1981).

**B.  Standard of the Commissioner's Determination of Disability**

Disability is defined by the Social Security Act as "inability to engage in any substantial gainful activity by any reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner must follow a five-step sequential process to determine if an applicant is disabled and eligible for Social Security disability benefits. 20 C.F.R. § 404.1520. The Commissioner must first determine whether or not the claimant is currently engaged in "substantial gainful activity." Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). "Substantial gainful activity" is defined as "the performance of significant physical or mental duties . . . for remuneration or profit." Chicager v. Califano, 574 F.2d 161, 163 (3d Cir. 1978).

 Second, if the claimant is not engaged in "substantial gainful activity" then the ALJ must next determine if the claimant is suffering from a severe impairment. Plummer, 186 F.3d at 428. A severe impairment is defined as "any impairment or combination of impairments which significantly limits the claimant's physical or mental ability to do basic work activities." Barnhart v. Thomas, 124 S. Ct. 376, 379 (2003); 20 C.F.R. §§ 404.1520(c), 416.920(c).

If the claimant's impairments are severe, the ALJ must make a third determination that they are listed in Appendix 1 to subpart P of the regulations or are equivalent to the impairments listed there. Plummer, 186 F.3d at 428; 20 C.F.R. § 404.1520. If the impairments are not listed or equivalent to those listed in the appendix, then the ALJ must make a fourth finding regarding the claimant's "residual functional capacity to perform" his or her "past relevant work." Id. "Residual

**NOT FOR PUBLICATION**                                                                **CLOSED**

functional capacity is defined as what a claimant can still do despite his limitations." Burns, 312 F.3d at 119.

If the ALJ holds that the claimant cannot return to his or her "past relevant work" due to the impairments, then the ALJ must determine if there are "other jobs existing in significant numbers in the national economy which the claimant can perform," taking into account his or her educational and work experiences. Plummer, 186 F.3d at 428.

**C. The ALJ's Decision**

The SSA and the ALJ agree that Plaintiff is currently disabled. The issue is whether there is substantial evidence that Plaintiff became disabled before the expiration of her insured status on December 31, 1998.

The ALJ applied the 5 step sequential analysis and found, at step two, that there was no substantial evidence to support a finding that Plaintiff's impairments were severe. (Tr. 19.) The ALJ clearly states the evaluation of the medical evidence provided by each doctor.

**D. ALJ's Evaluation of Medical Evidence**

The ALJ concluded that Plaintiff had visited Dr. Alvarez intermittently since 1987 and many of the visits were routine. Dr. Alvarez noted periodic complaints of anxiety and treatment with Xanax and Buspar on an as-needed basis. (Tr. 15-16.) The ALJ specifically sites that in a psychiatric report questionnaire completed by Dr. Alvarez at the request of the SSA, Dr. Alvarez noted "not-applicable" in the evaluation of Plaintiff's psychiatric history, mental status, and ability to function. Dr. Alvarez made no assessment of the severity of Plaintiff's anxiety nor did the doctor "rate the effectiveness of the medications on [Plaintiff's] symptomatology." (Tr. 16.)

The ALJ took note of Dr. Shapiro's finding that Plaintiff's vision was 20/40 in the right eye

NOT FOR PUBLICATION                                                              CLOSED

and 20/400 in the left, but observed that the record did not state if this was best corrected. (Tr. 16.) The ALJ acknowledged the confusion surrounding the dates of treatment of Dr. Shapiro and that, at the conclusion of the hearing, the record was left open for additional information from Dr. Shapiro. Plaintiff never supplied any additional information. (Tr. 16.)

With regard to the 1999 hospitalization, the ALJ found that the reports indicate that, besides the increased heart rate and panic attack, Plaintiff did not complain of any additional health problems at the time and no emotional stress was noted. (Tr. 16.) Upon physical examination, Plaintiff was found to have "no focal findings in regards to her mental statement." (Tr. 16.)

The ALJ reviewed the medical evidence from after the date last insured. The examinations with Dr. Materna and Dr. Perdomo were performed due to a possible mis-communication, seeing that the Plaintiff's insured status expired three years prior. (Tr. 16-17.) Nevertheless, the ALJ considered those reports and found that they were "not necessarily indicative of [Plaintiff's] status prior to December 1998." (Tr. 17.)

The Court's scope of review is limited to whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. §§ 405(g) and 1383(c)(3). As earlier said, substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Plummer v. Apfel, 186 F.3d at 427; Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971))(emphasis added). This Court must look at the ALJ's decision and decide, only, if a reasonable person could have reached the same conclusion based on the substantial evidence.

Here, the ALJ's decision is clearly supported by substantial evidence. The medical evidence states that Plaintiff's disability began after the date last insured. (Tr. 129, 227.) Furthermore, not

NOT FOR PUBLICATION                                                                    CLOSED

a single medical report in the record opined that the disability onset date occurred prior to the date last insured.

Plaintiff, in her brief, gives an alternate interpretation of the facts.  Basically, the Plaintiff argues that if she was disabled on November 23, 1999, she must have been disabled before December 31, 1998.  This argument is not compelling.  If the SSA were to follow this reasoning, anyone who became disabled on date x would always be able to argue that they were disabled before date x.  Clearly, reality does not mirror this approach.

More importantly, Plaintiff states "there is nothing in the record to suggest [Plaintiff's condition] nose dived in between expiration of her insured status on December 31, 1998 and the date upon which she was diagnosed..., September 3, 2002." (Pb. 15.)  Even if this is true, the burden is on the Plaintiff to produce such evidence (Plummer, 186 F.3d at 428; Kangas v. Bowen, 823 F.2d 775, 775 (3d Cir. 1987).  By leaving the record open after the hearing, the ALJ gave ample opportunity for Plaintiff to produce such evidence, yet the Plaintiff failed to do so.  As stated, the substantial evidence in the record demonstrates that Plaintiff's onset date occurred after her insured status expired.  No evidence in the record contradicts that.  If there was evidence to the contrary, Plaintiff should have supplied it in the time given.

## CONCLUSION

For the foregoing reasons, the ALJ's decision is affirmed.

                                                                              **s/ William H. Walls, U.S.D.J.**

**NOT FOR PUBLICATION**                                                                                              **CLOSED**

**Appearances**

Abraham S. Alter
Langton & Alter
P.O. Box 1798
Rahway, NJ 07065

Barbara L. Spivak
Andreaa L. Lechleitner
Office of the General Counsel
Social Security Administration